**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DISNEY ENTERPRISES, INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GEORGE PATTON ASSOCIATES, INC.**<br><br>**Defendant.** | : | CA 06 66 T<br><br>**Case No.**<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

**COMPLAINT**

Plaintiff, DISNEY ENTERPRISES, INC. ("Disney" or "Plaintiff"), by and through its undersigned attorneys, pleads and alleges upon information and belief as follows:

**INTRODUCTION**

1. This is a suit for trademark counterfeiting, trademark infringement, trademark dilution and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., for copyright infringement under 17 U.S.C. § 101 et. seq., for violation of the Rhode Island Anti-Dilution Statute, General Laws § 6-2-12, and for trademark infringement and unfair competition at common law.

**JURIDSICTION AND VENUE**

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 17 U.S.C. § 101 et. seq., 15 U.S.C.§ 1051 et. seq. and 28 U.S.C. §§ 1331 and 1338. Further, this Court has jurisdiction over the pendent and common law claims pursuant to 28 U.S.C. §1367.

3. The Court has personal jurisdiction over the defendant based upon the fact that defendant conducts business in Rhode Island and the fact that defendant has caused injury or property damage within Rhode Island.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400 and 1391 because defendant is doing business in this judicial district and acts of infringement have taken place in this judicial district.

## THE PARTIES

5. Plaintiff, Disney Enterprises, Inc., ("Disney") is a Delaware corporation having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

6. Upon information and belief, defendant, George Patton Associates, Inc., ("George Patton") which sometimes does business under the fictitious business name, Displays2go, is a Rhode Island corporation having a place of business at 55 Broad Common Road, Bristol, Rhode Island, 02908.

## THE FACTS

11. Disney and/or one of its subsidiary and affiliated companies is engaged in a variety of businesses, including the operation of theme parks around the world, producing and distributing motion pictures and television programs, producing and selling clothing, books, records and other merchandise, and providing entertainment services. A significant aspect of Disney's business is the merchandising and licensing of distinctive elements associated with its motion pictures and television programs, including, but not limited to, the world-famous fanciful characters Mickey Mouse, Minnie Mouse, Donald Duck, and, Goofy, as well as characters from DISNEY animated motion pictures, including, but not limited to, "The Lion King," "Aladdin,"

"Beauty and the Beast," and "Toy Story" (hereinafter collectively referred to as "Disney Characters"), the images of which serve as trademarks and also constitute copyrighted artwork.

12. Each of the Disney Characters is covered by a copyright registration with the U.S. Copyright Office. Various copyright registrations were made in the name of Walter E. Disney. In October 1934, Walter E. Disney assigned his copyrights to Walt Disney Products Ltd. ("WDPL"), and filed a copy of such assignment ("The Assignment") with the Copyright Office. In September 1938, WDPL and Walt Disney Enterprises ("WDE") and Liled Realty and Investment Company, Ltd., were consolidated into Walt Disney Enterprises. A copy of the Consolidation agreement was filed with the Copyright Office. In December 1938, pursuant to an amendment to its articles of incorporation, Walt Disney Enterprises changed its name. A copy of the 1938 certificate of amendment of the articles of incorporation ("The 1938 Name Change") to Walt Disney Productions ("WDP") was filed with the Copyright Office. In February 1986, pursuant to an amendment to its articles of incorporation, WDP changed its name to The Walt Disney Company. A copy of the 1986 certificate of amendment ("The 1986 Name Change") was filed with the copyright Office. On November 24, 1986, The Walt Disney Company, a California corporation, merged into the Walt Disney Company, a Delaware corporation. In February 1996, pursuant to further amendment to its articles of incorporation, The Walt Disney Company again changed its name to Disney Enterprises, Inc. A copy of the 1996 certificate of amendment ("The 19965 Name Change") was filed with the Copyright Office. Some representative copyright registrations covering certain Disney Characters, including but not limited to, "Mickey Mouse" and "Donald Duck," are indexed on Exhibit A.

13. Disney additionally owns all rights, title and interest in and to, and holds the exclusive rights to market and sell merchandise and services in connection with the images of the

Disney Characters (hereinafter referred to as the "Disney Device Marks"). Disney possesses both common law trademark rights to the Disney Device Marks, as well as Federal and state registrations for certain Disney Device Marks. Representative Federal Trademark registrations covering some of the Disney Device Marks, including but not limited to, the "Mickey Mouse," "Donald Duck" and "Goofy" device marks, are indexed on Exhibit B.

14. Disney also owns all rights, title and interest in and to, and holds the exclusive rights to market and sell services and merchandise in conjunction with, Disney's famous Disney trademark and family of Disney trademarks and service marks, including but not limited to "Mickey Mouse," "Donald Duck," "Disney," "Disney's Animal Kingdom," and "Epcot" (hereinafter collectively referred to as the "Disney Word Marks"). Disney has utilized many of the Disney Word Marks in conjunction with the sale of a wide variety of products and services, including travel and tour services, for well over fifty years. Additionally, Disney possesses numerous registrations with the United States Patent and Trademark Office for marks which consist of or include the word mark Disney. Disney also possesses numerous trademark registrations for the Disney Word Marks in various countries around the world. Some representative Federal Trademark Registrations concerning the Disney Word Marks are indexed on Exhibit B. Disney's Disney Device Marks and Disney Word Marks are hereinafter collectively referred to as the "Disney Trademarks."

15. Many of the Disney Trademarks have been registered with the United States Patent and Trademark Office pursuant to the Lanham Act (15 U.S.C. § 1051 et. seq.). The Federal trademark registrations indexed on Exhibit B are current and in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. Additionally, many of the Disney

Trademarks, including, but not limited to the "Mickey Mouse," "Donald Duck," and "Disney" trademarks are famous marks within the meaning of 15 U.S.C. § 1125.

16. Disney's distinctive Disney Trademarks, when utilized in conjunction with the sale, distribution and offer for sale of clothing, retail and hotel services, books, records and tapes, entertainment services, resort services, and travel services, signify to the purchaser that the product or service comes from Disney and is of the highest quality. Whether Disney manufactures or provides the product or service itself, or licenses others to do it, Disney has insured that products and services bearing its Disney Trademarks are of the highest standards. Disney's high quality products and services have been widely accepted by the public and are enormously popular.

## INFRINGING CONDUCT

17. Upon information and belief, defendant, through its division Displays2go, manufactures, distributes and offers for sale display products throughout the United States, through catalog and on-line sales, at the website, www.displays2go.com.

18. Upon information and belief, and in connection with advertising for the sale of its display products, defendant has been and is now using materials in this judicial district and elsewhere, that bear Disney Characters and Disney Trademarks (hereinafter referred to as the "Infringing Materials"). The Disney Trademarks and Disney Characters used in connection with these Infringing Materials include, but are not limited to, the "Disney," "Disney's Animal Kingdom," "Mickey Mouse" and "Donald Duck" trademarks, and the "Mickey Mouse" and "Donald Duck" characters. See a copy of pages from one of its sales catalogs attached as Exhibit C.

19. Upon information and belief, defendant began using the Infringing Materials in the advertising of its display products long after the Disney Characters and Trademarks became famous and were well and favorably known to the trade, to the public and to defendant.

20. On or about August 16, 2005, Disney notified defendant that it was using the Infringing Material without its authorization, but despite this notice, defendant continued to use the Infringing Material. A copy of the August 16, 2005 letter is attached as Exhibit D.

21 On or about January 5, 2006, Disney again notified defendant that it was using the Infringing Material without its authorization, but again, despite this notice, defendant continued to use the Infringing Material. A copy of the January 5, 2006 letter is attached as Exhibit E.

22. Defendant's use of the Infringing Materials featuring Disney Characters and Trademarks is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that that defendant or its products are authorized by Disney or are endorsed by Disney or are sponsored by Disney or are connected in some way with Disney.

23. Upon information and belief, defendant's use of the Infringing Materials was deliberate and intentional and designed to create confusion and mistake and to deceive persons into the erroneous belief that defendant is authorized by Disney or are endorsed by Disney or are sponsored by Disney or are connected in some way with Disney.

24. Defendant's use of the Infringing Materials constitutes false descriptions and representations to the effect that defendant or its products are authorized by Disney or are endorsed by Disney or are sponsored by Disney or are connected in some way with Disney.

25. Disney is or is likely to be damaged by defendant's use of said false descriptions and representations in that purchasers are likely to buy defendant's products in the mistaken

belief that defendant or its display products are authorized by Disney or are endorsed by Disney or are sponsored by Disney or are connected in some way with Disney.

26. Defendant's use of the Infringing Materials bearing Disney Characters and Trademarks has caused and will cause dilution of the distinctive quality of Disney's famous Disney Characters and Trademarks.

27. Upon information and belief, defendant's use of the Infringing Materials was deliberate and intentional and designed to dilute the distinctive quality of Disney's famous Disney Characters and Trademarks.

28. Defendant's use of the Infringing Materials bearing Disney Characters and Trademarks is without Disney's license, authorization or permission.

29. The acts and conduct of defendant complained of herein have damaged Disney and, unless restrained, will impair, if not destroy, the value of the Disney Characters and Trademarks and the goodwill represented thereby, and Disney has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Infringement of Federally Registered Trademarks**
**(15 U.S.C. § 1114(1)(a))**

30. Disney repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. This claim is for the infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(l)(a), as amended.

32. Disney owns the exclusive trademark rights to the Disney Trademarks.

33. Notwithstanding Disney's well known and prior common law and statutory rights

in the Disney Trademarks, the defendant has, with actual and constructive notice of Disney's federal registration rights, and long after Disney established its rights in the Disney Trademarks, adopted and used the Disney Trademarks in conjunction with the Infringing Materials in an effort to sell, market and offer for sale its own products.

34. Defendant has used the Infringing Materials without authorization from Disney. Defendant's use of the Disney Trademarks in Rhode Island, and interstate commerce, has and will cause the likelihood of confusion, deception and mistake, in that the buying public will conclude that the defendant's products are authorized, sponsored, approved or associated with Disney.

35. Said acts of infringement will cause irreparable injury to Disney if the Court does not restrain the defendant from further violation of Disney's rights, as Disney has no adequate remedy at law.

36. Disney has suffered damages as a result of the aforesaid acts.

37. Defendant's use in commerce of the Infringing Materials is an infringement of Disney's Disney Trademarks in violation of 15 U.S.C. § 1114(1).

38. The Defendant committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Disney and its business.

**SECOND CLAIM FOR RELIEF**
**Unfair Competition**
**(15 U.S.C. § 1125(a))**

39. Disney repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

40. This claim is for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U. S. C. § 1125(a).

41. As a direct result of Disney's longstanding use, sales, advertising and marketing, Disney's Disney Trademarks have acquired a secondary and distinctive meaning among the public who have come to identify Disney's Disney Trademarks with Disney and its products and services.

42. Defendant has used the Infringing Materials in an effort to delude and confuse the public into believing that the products offered by the defendant were approved by, or had been authorized and/or sponsored by Disney.

43. The use of the Infringing Materials in conjunction with the defendant's products will further dilute the good will and reputation of Disney.

44. The defendant, by misappropriating and using the Disney Trademarks in connection with the promotion of its products, is misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of its goods and services. The defendant has used the Infringing Materials in interstate commerce willfully, with full knowledge of the falsity of the description and representation, in an effort to mislead the purchasing public into believing that defendant's goods and services are authorized or emanate from Disney.

45. These acts constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. The defendant has obtained gains, profits and advantages as a result of its unlawful acts.

**THIRD CLAIM FOR RELIEF**
**Trademark Dilution**
**(15 U.S.C. § 1125(c))**

47. Disney repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

48. This claim is for dilution of trademarks pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Disney's Disney Trademarks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(l), and were distinctive and famous prior to the date of defendant's adoption and use of the Infringing Materials.

50. Defendant's conduct, as described above, is diluting the distinctive quality of the famous Disney Trademarks, thereby lessening the capacity to identify and distinguish products marketed and sold by Disney under the Disney Trademarks.

51. To the extent that defendant's products sold through the use of the Infringing Materials are viewed as being less than satisfactory to consumers, Disney's business reputation and goodwill and the reputation and goodwill of Disney's famous Disney Trademarks are being and will be tarnished and injured.

52. Defendant's acts described above have caused injury to and have damaged Disney's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Disney has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**Copyright Infringement**

53. Disney repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

54. This claim is for copyright infringement in violation of 17 U.S.C. § 101 et. seq.

55. Defendant has used the Disney Characters in conjunction with the Infringing Material in violation of 17 U.S.C. § 101 et. seq. The Disney Characters used in these Infringing Goods include, but are not limited to, the "Mickey Mouse" and "Donald Duck" characters.

56. Defendant has never been authorized by Disney to use the Infringing Materials or exploit the Disney Characters.

57. Defendant has used the Disney Characters and the Infringing Materials in direct violation of Disney's copyrights.

58. Defendant's aforesaid acts were done with actual as well as constructive knowledge of Disney's exclusive rights.

59. Defendant's acts are willful infringements of and have irreparably harmed Disney's copyrights and exclusive rights, and threaten further infringements and further irreparable harm to Disney's copyrights.

60. Defendant has obtained gains, profits, and advantages as a result of its wrongful acts described above.

61. Disney is entitled to, at its option, statutory damages in lieu of the defendant's profits.

**FIFTH CLAIM FOR RELIEF**
**Trademark Dilution Under**
**R.I. Gen. Laws Section 6-2-12**

62. Disney repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

63. This claim is for trademark dilution pursuant to Rhode Island General Laws Section 6-2-12, as amended.

64. The Disney Trademarks are distinctive within the meaning of Rhode Island General Laws Section 6-2-12.

65. Defendant's conduct, as described above, creates a likelihood of dilution of the distinctive quality of the Disney Trademarks in violation of Rhode Island General Laws Section 6-2-12.

66. Defendant's acts described above have caused injury and damages to Disney, and have caused irreparable injury to Disney's goodwill and reputation, and unless enjoined, will cause further irreparable injury, whereby Disney has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement and Unfair Competition**

67. Disney repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

68. This claim is for trademark infringement and unfair competition in violation of the common law of the State of Rhode Island.

69. Defendant's use of the Infringing Materials, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common

law.

70. On information and belief, defendant's acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

71. Defendant's acts described above have caused injury and damages to Disney, and have caused irreparable injury to Disney's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Disney has no adequate remedy at law.

WHEREFORE, Disney prays:

A. That defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, be enjoined and restrained, preliminarily and permanently, from using on or in connection with the manufacturing, advertising, offering for sale, sale and distribution of any product or service, any of the Infringing Materials, or any other Disney Characters or Trademarks, or any other mark, name or design which, either alone or in combination, is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that defendant or its products are authorized by Disney or are endorsed by Disney or are sponsored by Disney or are connected in some way with Disney.

B. That defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, be enjoined and restrained, preliminarily and permanently, from using any false designation of origin or false description or false representation, and from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition by defendant with Disney,

and from otherwise interfering with or injuring Disney's business reputation or diluting the distinctive quality of Disney's Disney Characters or Disney Trademarks or the goodwill associated therewith.

C. That defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them be required to deliver to Disney's representatives for sequestration all materials bearing a counterfeit or infringing Disney Character or Trademark and all drawings, advertisements, pamphlets, brochures, catalogs, labels, signs, prints, packages, wrappers, receptacles, name plates, and products in defendant's possession, custody or control which use or bear any counterfeit or infringing Disney Character or Trademark, and all plates, molds, matrices, dies, computers and other means of making the same in any medium which might, if used, violate the injunction herein granted.

D. That defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them be enjoined and restrained, preliminarily and permanently, from destroying, moving, hiding or otherwise making inaccessible any of the items referred to in paragraph C above.

E. That defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them be required to supply Disney with complete records, including electronic records, concerning any and all transactions relating to the manufacture, distribution, sale or receipt of any products, drawings, advertisements, pamphlets, brochures, catalogs, labels, signs, prints, packages, wrappers, receptacles and name plates bearing marks or characters that infringe the Disney Trademarks or Characters.

F. That defendant be required to file with this Court and serve upon Disney's counsel within twenty (20) days after service of this Court's injunction issued in this action a written report signed by defendant under oath setting forth in detail the manner in which defendant

complied with such an injunction.

G. That Disney be awarded statutory damages and that such statutory damages be increased for willful counterfeiting pursuant to Section 35(c) of the Lanham Act, 15 U.S.C, § 1117(c).

H That Disney be awarded defendant's profits and Disney's damages caused by defendant's acts of infringement, dilution, and unfair competition complained of herein.

I. That Disney be awarded three times the amount of damages caused by defendant's willful acts of infringement, dilution, and unfair competition complained of herein.

J. That Disney be awarded punitive damages arising out of the willful nature of defendant's activities.

K. That Disney be awarded its costs and disbursements of this civil action, including reasonable attorneys' fees.

L. That Disney be awarded such other and further relief as the Court deems just and equitable.

Dated: Providence, RI
February 8, 2006

Disney Enterprises, Inc.
By its attorneys,

Brent R. Canning, Esq. (#5546)
Karen L. Feisthamel, Esq. (#6941)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903-3293
Phone: 401 274-2000
Fax: 401 277-9600